I respectfully dissent.
The last sentence of Tenn. Code Ann., § 47-1-201(38), provides: "The receipt of any writing or notice within the time at which it would have arrived if properly sent has the effectof a proper sending." (Emphasis added.)
Tenn. Code Ann., § 47-1-201(25) defines "notice" as follows: "a person has notice of the fact when: (1) he has actualknowledge of it." (Emphasis added.)
The trial court found that Katie Jones had actual knowledge of the sale three or four days before the sale. Therefore, I would affirm the trial judge's finding that notice was "more than adequate and clearly satisfied the dictates of the U.C.C. as codified in both Tennessee [Tenn. Code Ann., § 47-9-504] and Alabama [Code 1975, § 7-9-504]." I agree with the trial judge.
TORBERT, C.J., and BEATTY and STEAGALL, JJ., concur.